UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| RUSSELL DEAN, INC. d/b/a/ GARLOCK CHICAGO, | ) | |
| | ) | |
| Plaintiff, | ) | 17 C 8440 |
| | ) | |
| vs. | ) | Judge Gary Feinerman |
| | ) | |
| JOHN MAHER, RICHARD GARZA, and | ) | |
| CHICAGOLAND ROOFING SUPPLY, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

### MEMORANDUM OPINION AND ORDER

Russell Dean, Inc., which does business under the name Garlock Chicago, alleges in this diversity suit that two of its former employees, Richard Garza and John Maher, and their new employer, Chicagoland Roofing Supply, LLC, unlawfully appropriated Garlock's inventory, trade secrets, and customers. Doc. 1. Defendants were served with process, Docs. 12-14, but failed to file a responsive pleading, leading the court to enter a Rule 55(a) default order, Doc. 15. Two weeks later, Garlock filed a Rule 55(b) motion for default judgment, Doc. 23, and Defendants six days later filed a motion to vacate the Rule 55(a) default, Doc. 34, which was denied without prejudice for failure to comply with Local Rule 5.3(b) and Rule 55(c), Doc. 35. Defendants now again move under Rule 55(c) to vacate the Rule 55(a) default. Doc. 36.

Rule 55(c) permits the court to "set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). "A party seeking to vacate an entry of default prior to the entry of final judgment must show: (1) good cause for the default; (2) quick action to correct it; and (3) a meritorious defense to the complaint." *Cracco v. Vitran Express, Inc.*, 559 F.3d 625, 630 (7th Cir. 2009) (internal quotation marks omitted); *see also Parker v. Scheck Mech. Corp.*, 772 F.3d 502, 505 (7th Cir. 2014) ("An entry of default may be set aside before entry of judgment upon showing

1

good cause for the defendant's inaction, prompt steps to correct the default, and an arguably meritorious defense to the lawsuit."). A defendant's failure to make any of those three showings warrants denial of a motion to vacate. *See Pretzel & Stouffer v. Imperial Adjusters, Inc.*, 28 F.3d 42, 46 (7th Cir. 1994) ("Imperial failed to clear the first hurdle when it did not show good cause for its default. This would have been sufficient basis to refuse to vacate Imperial's default … ."). A district court hearing a Rule 55(c) motion must bear in mind the "policy of favoring trial on the merits over default judgment." *Cracco*, 559 F.3d at 631.

Even bearing in mind that policy, the court finds that Defendants have not shown good cause for their default and so have stumbled at the first step of the Rule 55(c) analysis. Before filing this suit, Garlock's counsel sent Defendants' counsel a demand letter raising the "allegations of misconduct" ultimately set forth in the complaint. Doc. 40-1 at ¶ 2. After an exchange of emails did not resolve the matter, *id.* at ¶ 3, Garlock filed suit on November 21, 2017, Doc. 1. Garlock's counsel contacted Defendants' counsel on December 15 to ask him to accept service, and Defendants' counsel indicated that they had not authorized him to do so. Doc. 40-2 at ¶¶ 2-3; Doc. 40-3 at pp. 2-3, ¶¶ 2-3; *id.* at pp. 5-7. On December 18, Defendants' counsel repeated that he could not accept service on their behalf, but stated that he would discuss the case with them. Doc. 40-3 at p. 3, ¶ 4. Garlock's counsel emailed Defendants' counsel a file-stamped copy of the complaint that same day, and contacted Defendants' counsel by email for a final time on December 22. *Id.* at p. 3, ¶¶ 4-5; *id.* at p. 10. Defendants were personally and formally served on January 7, 2018 (Garza) and January 9, 2018 (Maher and Chicagoland Roofing), Docs. 12-14, but did not file a responsive pleading within the 21 days allowed by Rule 12(a)(1)(A)(i). A Rule 55(a) default was entered on February 1. Doc. 15. Defendants' counsel did not make their appearance until February 21. Doc. 33.

Conceding this account of the lead-up to the Rule 55(a) default order, Defendants assert that they "acted with haste" once they learned of the order. Doc. 42 at 5-7. That assertion, even assuming its truth, would satisfy only the second step of the Rule 55(c) analysis, which requires the defaulting party to have taken "prompt steps to correct the default." *Parker*, 772 F.3d at 505. As to the first step of the analysis, Defendants offer no explanation or justification for their failure to respond to a lawsuit of which they concededly were aware as early as December 2017. Unlike the defendants in *Cracco*, where a default was vacated, Defendants here do not argue that they "failed to respond to the summons and complaint through inadvertence." 559 F.3d at 631; *see also Wells Fargo Equip. Fin., Inc. v. PMRC Servs., LLC*, 2011 WL 635861, at *2 (N.D. Ill. Feb. 11, 2011) (holding that the defendant had shown good cause in light of its "assert[ion] that it did not realize until 'the beginning of June 2010' that it had been sued and defaulted"). Nor could Defendants make such an argument, given that they had engaged an attorney in connection with their dispute with Garlock before suit was filed, that the attorney was well aware of the suit shortly after its filing, and that the same attorney represents them now. Unlike the defendants in *Parker*, another case where a default was vacated, Defendants do not argue that they somehow made a mistake in "processing" the complaint or the summons. 772 F.3d at 505. They do not even argue that a "lack of communication between attorney and client" caused the problem. *Pretzel & Stouffer*, 28 F.3d at 45. And unlike the defendants in *Guaranteed Rate, Inc. v. Barr*, 912 F. Supp. 2d 671 (N.D. Ill. 2012), yet another case where a default was vacated, Defendants here were not outside of the country "for an extended period of time." *Id*. at 696-97.

Because Defendants had ample opportunity to answer or otherwise plead to the complaint and simply failed to do so, the only available inference is that they "willfully disregard[ed] pending litigation." *Sun v. Bd. of Trs. of Univ. of Ill.*, 473 F.3d 799, 811 (7th Cir. 2007)

(applying Rule 60(b), which is governed by the same factors as Rule 55(c), albeit more strictly, *see Cracco*, 559 F.3d at 631); *Jones v. Phipps*, 39 F.3d 158, 164 (7th Cir. 1994) (holding, under Rule 60(b), that "she who willfully disregards deadlines and court orders faces a difficult, if not impossible, task in proving good cause for the default existed").  Accordingly, Defendants have failed to show "good cause" for their default, warranting denial of their Rule 55(c) motion. *Compare Sharma v. Big Limos MFG, LLC*, 2017 WL 2779798, at *5 (N.D. Ill. June 27, 2017) ("Defendants' willful evasion of service and disregard for this litigation further cement their inability to show good cause.  Defendants' [Rule 55(c)] motion to vacate the entry of default as to Big Limos is accordingly denied."); *Rank DMS, LLC v. Direct Disc Network, Inc.*, 2008 WL 4347736, at *5 (N.D. Ill. Mar. 19, 2008) ("Robbins has failed to demonstrate good cause for his continued failure to adhere to this court's very lenient requirements, and has in fact shown his conduct to be willful and in blatant disregard of this court."), *with Parker*, 772 F.3d at 505 ("Scheck Mechanical showed good cause through declarations establishing that its failure to file a timely answer was not willful but the result of a mistake in processing the documents with its insurer.").

## Conclusion

Defendants indisputably were aware of this suit and inexplicably failed to respond to the complaint.  Having acted in that manner, Defendants risked and deserved the resulting Rule 55(a) default.  Their Rule 55(c) motion to vacate the entry of default accordingly is denied.  A prove-up hearing on Garlock's Rule 55(b) motion will follow in due course.

May 2, 2018

_____
United States District Judge